UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMADA BULK CARRIERS, a Foreign Corporation,<br><br>    Plaintiff,<br><br> v.<br><br>CONOCOPHILLIPS COMPANY, INC., a Delaware Corporation, FOSS MARITIME COMPANY, INC., a Washington Corporation, and FOSS MARITIME BARGE 185 P3, <u>in rem</u>,<br><br>    Defendants. | No. C-05-3406 SC<br><br>ORDER GRANTING DEFENDANT'S MOTION <u>FOR FEES AND COSTS</u> |

## I. **INTRODUCTION**

On May 7-11 and 21-22, 2007, a bench trial was held before this Court. On June 22, 2007, the Court entered its Findings of Fact and Conclusions of Law in favor of Defendant ConocoPhillips Company, Inc. ("Defendant" or "CP") and against Plaintiff Armada Bulk Carriers ("Plaintiff" or "Armada"). Docket No. 152. The Court found that CP was entitled to $189,906.73, the full amount of its cross-claim, plus prejudgment interest, fees, and expenses as provided under the parties' contract. <u>Id.</u> Subsequently, CP submitted its Bill of Costs and Motion for Attorney's Fees and Expenses; Armada filed an Opposition Brief; and CP filed a Reply Brief. Docket Nos. 153-54, 156, 158.

Having reviewed the relevant documentation and case law, the Court hereby GRANTS CP's Motion for Attorney's Fees and Costs and AWARDS CP $374,593.45, which includes $308,595.00 in attorney's fees, $8,396.70 in costs, $26,615.29 in expert witness fees and expenses, and $30,986.46 in prejudgment interest through and including the date payment was received.

**II.   DISCUSSION**

CP is entitled to the amounts requested based on the contract of sale and relevant case law.  The parties' binding contract states that the prevailing party shall recover all costs and expenses incurred in the exercise of any remedies under the contract.  See ConocoPhillips Products Purchase/Sale Agreement General Terms and Conditions ("GT&C"), Trial Ex. 131, ¶ 10.3.  In addition, CP is entitled to prejudgment interest on the amount due for the oil delivered to Armada.  See id. at ¶ 4.3.

The contract specifies that it is governed by New York law. See id. at ¶ 11.1.  Courts sitting in admiralty will give effect to the parties' commercial agreements and the choice of law provisions contained therein.  See Norfolk S. Ry. Co. v. Kirby, 543 U.S. 14, 31-32 (2004); Chan v. Soc'y Expeditions, Inc., 123 F.3d 1287, 1296-97 (9th Cir. 1997).  In analyzing attorney's fees, courts must determine whether they are reasonable:

> The rule in New York is that when a contract provides that in the event of litigation the losing party will pay the

2

> attorneys' fees of the prevailing party, the court will order the losing party to pay whatever amounts have been expended by the prevailing party, so long as those amounts are not unreasonable.

Diamond D. Enter. USA, Inc. v. Steinsvaag, 979 F.2d 14, 19 (2d Cir. 1992) (internal quotations omitted).  In this case, the contract provision for reimbursement of the prevailing party's costs and expenses is broad, specifying that "all costs and expenses (including reasonable attorney fees)" shall be recoverable.  GT&C, ¶ 10.3.  In a decision involving similar contract language, the court awarded all reasonable fees, including those for experts assisting the attorneys.  See Morse/Diesel, Inc. v. Trinity Indus., Inc., 875 F. Supp. 165, 179 (S.D.N.Y. 1994), rev'd on other grounds, 67 F.3d 435 (2d Cir. 1995).  Though it reversed the decision, the Second Circuit did not overturn the District Court's fee interpretation.  See id. The Court finds that the broad contract provision covering costs and expenses allows for recovery of all the items requested by CP, including expert witness fees and expenses.  Having determined that CP may recover fees and expenses, the Court will analyze which of those items are reasonable and recoverable.

CP seeks to recover for attorney's fees, court costs, expert fees, and prejudgment interest.  First, under New York law, a court faced with a request for attorney's fees must make its own determination as to whether the request is justified by the time and labor expended.  See F.H. Krear & Co. v. Nineteen Named Trs.,

3

810 F.2d 1250, 1265 (2d Cir. 1987). Furthermore,

> A variety of factors informs the court's determination of whether a requested amount of attorneys' fees is reasonable or unreasonable, including the difficulty of the questions involved; the skill required to handle the problem; the time and labor required; the lawyer's experience, ability and reputation; the customary fee charged by the Bar for similar services; and the amount involved.

Id. at 1263. In light of all the relevant factors, the Court finds that the fees requested by CP are reasonable. This case involved complex factual issues surrounding the proper methods of loading and testing marine fuel oil as well as analysis of the chemical and physical properties of the fuel. It required a significant amount of skill, time, and labor from discovery through trial. Defendant's counsel, Mr. Erb, had the requisite experience, ability, and reputation to secure the job as CP's attorney and win the case at trial. Mr. Erb's rates are at the customary rate for attorneys of his caliber and the total fees involved are reasonable in light of the work required. However, Defendant may not recover for those fees incurred in seeking to recover fees from Plaintiff. Under New York law, "a general contract provision for the shifting of attorneys' fees does not authorize an award of fees for time spent in seeking the fees themselves." Id. at 1266. Having parsed the billing statements attached to Mr. Erb's Declaration, the Court will deduct $15,083.75 from the total amount of Mr. Erb's fees that are recoverable from Armada.

4

The Court also finds that the expert witness fees and expenses incurred by CP were reasonable. Though Armada contends that its expert charged a slightly lower rate and stayed at a more affordable hotel, that does not make CP's expert fees and expenses unreasonable. Thus, CP will recover the full amount requested. CP is also entitled to the full amount of prejudgment interest through the date of judgment under ¶ 4.3 of the GT&C, a document comprising one part of the parties' binding contract. Thus, CP will recover the full amount of prejudgment interest requested. Finally, CP is entitled to the requested court costs as indicated on the Bill of Costs.

## III. CONCLUSION

For the reasons discussed herein, the Court GRANTS Defendant's Motion for Fees and Costs. The Court AWARDS Defendant $308,595.00 in attorney's fees, $8,396.70 in costs, $26,615.29 in expert witness fees and expenses, and $30,986.46 in prejudgment interest for a total of $374,593.45.

IT IS SO ORDERED.

Dated: August 27, 2007.

UNITED STATES DISTRICT JUDGE